IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AGNE VASQUEZ, § | |
|     Petitioner, § | |
| § | 3:16-CV-579-O |
| v. § | 3:12-CR-392-O (5) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's petition to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the foregoing reasons, the petition is DENIED.

**I. Procedural Background**

Petitioner was charged with conspiracy to possess with intent to distribute 500 or more grams of methamphetamine (Count One), possession of a firearm in furtherance of drug trafficking (Count Two), possession with intent to distribute methamphetamine and aiding and abetting (Count Three), and possession of a firearm by a prohibited person (Count Four). A jury found Petitioner guilty of the drug trafficking charges (Counts One and Three) but not guilty of possessing a firearm in furtherance of drug trafficking (Count Two). Petitioner pled guilty to being a prohibited person (illegal alien) in possession of a firearm (Count Four). On December 19, 2013, the Court sentenced Petitioner to 292 months' imprisonment on Counts One and Three, and 120 months on Count Four, to run concurrently. Petitioner appealed his conviction and sentence to the Fifth Circuit Court of

Appeals. On December 23, 2014, the Fifth Circuit affirmed his conviction and sentence. *United States v. Vasquez*, 596 F. App'x 260 (5th Cir. 2014).

On February 5, 2016, Petitioner filed a motion to reduce his sentence based on Amendment 782 of the Sentencing Guidelines. (CR Dkt. ECF No. 619.) On May 31, 2016, the Court granted Petitioner's motion and reduced Petitioner's base offense level by two levels. Petitioner's total offense level was therefore reduced from 40 to 38. (CR Dkt. ECF No. 632.) With a total offense level of 38 and a Criminal History Category of I, Petitioner's original guideline range of 292 to 365 months was reduced to 235 to 293 months. The Court sentenced Petitioner to 235 months.

On March 2, 2016, Petitioner filed the instant § 2255 petition. He argues he received ineffective assistance of counsel when:

1. Appellate counsel failed to challenge the drug quantity attributed to him at sentencing;

2. Trial counsel failed to object to the drug quantity attributed to him at sentencing; and

3. Trial counsel failed to move to dismiss Count One of the indictment which contained a material variance between the indictment and the evidence produced at trial.

## II. Factual Background

The following factual background is taken from the record and PSR.

In March 2011, the Dallas Police Department and the FBI initiated an investigation targeting a large-scale drug-trafficking organization (DTO) led by Petitioner's cousin, Tony Hernandez, which imported methamphetamine from Mexico and distributed the drugs across the Dallas-Fort Worth area. (PSR ¶ 12.)

Petitioner lived with his cousin and coconspirator Miguel Quintero. (CR Dkt. ECF No. 500 at 202.) Quintero sold methamphetamine and engaged in several controlled-purchase transactions with the undercover officer, Task Force Officer Boston, at or around his and Petitioner's residence. (CR Dkt. ECF No. 500 at 104-05, 114, 121, 124-25, 171-72.) Petitioner provided counter-surveillance and security during some of those transactions. (CR Dkt. ECF No. 500 at 171-72.) Petitioner also personally sold methamphetamine to user and coconspirator Reynaldo Alvarado ("Flaco"). (CR Dkt. ECF No. 501 at 51-52.)

Petitioner lived across the street from the DTO leader Hernandez, and next door to his brother, Roberto Vasquez ("Beto"), whose residence served as a stash house for the DTO, storing large quantities of methamphetamine. (CR Dkt. ECF No. 500 at 97-98.) Petitioner maintained the security cameras installed at the stash house and at Hernandez's house. (CR Dkt. ECF No. 501 at 86-87.)

Investigators found nine firearms at Petitioner's house. (PSR ¶ 25.) Investigators also found two bullet-proof vests and more than 20 boxes of ammunition. (PSR ¶ 25.) On November 5, 2012, agents arrested Petitioner and executed a search warrant at

his residence, pursuant to which they seized the weapons. (PSR ¶ 25.)

A jury convicted Petitioner of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine (Count One), and distribution and possession with the intent to distribute methamphetamine and aiding and abetting (Count Three). Pursuant to a plea agreement, Petitioner pled guilty to possession of a firearm by a prohibited person (Count Four). On December 19, 2013, the Court sentenced Petitioner to 292 months' imprisonment on Counts One and Three, and 120 months on Count Four, to run concurrently.

### III. Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v.*

*Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Appellate Counsel

Petitioner claims appellate counsel was ineffective for failing to argue that a May 14, 2012, drug transaction involving 164.3 grams of Ice methamphetamine should not have been attributed to him during sentencing. The PSR held Petitioner accountable for this 164.3 grams of methamphetamine finding Petitioner provided security and acted as a look-out during the transaction. (CR Dkt. ECF No. 449 ¶¶ 19 - 20, 31(I).) The inclusion of this transaction caused Petitioner to be held accountable for 507.6 grams of methamphetamine, resulting in a base offense level of 36 under USSG § 2D1.1(c)(2). Without that transaction, Petitioner's base offense level would have been 34. *See* USSG § 2D1.1(c)(3).

Petitioner argues that Officer Boston's testimony showed he was not personally involved in the May 14, 2012, transaction. Officer Boston testified that the May 14, 2012, transaction occurred outside Petitioner's and co-defendant Miguel Quintero's residence. (CR Dkt. ECF No. 500 at 110.) Officer Boston stated that as he was buying one ounce of methamphetamine from Quintero, he saw Petitioner walk by with his wife

and children. (*Id*. at 112, 114-116.) The transaction was also covertly video-taped. (*Id*.) After Boston bought one ounce of methamphetamine, he tested the drugs, and then negotiated with Quintero to buy five more ounces. Boston testified that Petitioner and his family left the scene before he received the other five ounces of methamphetamine. (*Id*. at 199.) On cross-examination, Boston testified Petitioner was not providing security at the time Petitioner drove away from the scene with his family while Boston was waiting to receive the other five ounces of Ice. (*Id*. at 200.)

Although Petitioner argues this evidence showed he was not personally involved in the May 14, 2012, transaction, the Court determined from the trial evidence, PSR, PSR Addendum, and the government's response to Petitioner's PSR objections, that the transaction was properly attributed to him. In overruling Petitioner's objections to the PSR, the Court stated:

> I will overrule the objections for the reasons stated in the Addendum to the Presentence Report and the Government's Response to the objections filed by the Defense. With respect to the drug amounts, I would note that he's not being held accountable for the drug amounts attributable to the whole conspiracy but he is being held accountable for drug amounts that he personally was involved in.
>
> The information contained in paragraphs 19, 21, and 23 of the Presentence Investigation Report support a finding that Mr. Vasquez should be held accountable for those drug amounts, particularly when you've determined the fact as stated therein and consider that in connection with the verdict that the jury has returned.

(CR Dkt. ECF No. 503 at 4.)

The PSR Addendum included the government's clarification that in addition to

Boston's testimony about the May 14, 2012, transaction, a video of the transaction was admitted into evidence that showed Petitioner's personal involvement in the transaction. (CR Dkt. ECF Nos. 450, 469.) The government's clarification stated:

> The defendant periodically sat on the front/side porch during the transfer and placement of the tires on the undercover officer's (UC) vehicle. However, the defendant acted as security during the drug transaction for co-defendant Quintero by walking extremely close to the Hummer (Quintero and the UC were conducting the deal inside the Hummer in the driveway at 2736 Seevers) while Quintero sold Ice methamphetamine to the UC, as shown during trial on the pole camera video. This action was consistent with the defendant's security role with the organization based on what law enforcement learned during the investigation.

(CR Dkt. ECF No. 450.)

Additionally, the government's response to Petitioner's PSR objections, (ECF No. 461), argued that Petitioner should be held accountable for the May 14, 2012, drug transaction because he acted as a security look-out during the transaction, and the sale was reasonably foreseeable. The government stated:

> [Defendant's actions were] consistent with the defendant's security role with the organization based on what law enforcement learned during the investigation. The initial deal was for one ounce, but the additional purchase was for five ounces. The government does not contest that the defendant had departed the location with his family by the time the additional five ounces were delivered (as evidenced by the pole camera video entered into evidence by the government during trial). However, based on the nature of their close relationship, drug-dealing intermingling, and sharing of the drug proceeds, the defendant is clearly accountable for additional methamphetamine as listed in PSR ¶ 41 as reasonably foreseeable to him.

(CR Dkt. ECF No. 461 at 3.) The trial evidence showed that Officer Boston also testified that before Petitioner left the scene, Petitioner had been "interested" in what was going on during the transaction. (CR Dkt. ECF No. 500 at 199.) Although Petitioner was not

present for the actual transfer of the additional five ounces of methamphetamine delivered to Officer Boston, he was present and acted as security for the transfer of the first ounce and the negotiations for the additional five ounces. (CR Dkt. ECF No. 500 at 199.) He was therefore personally involved in this transaction, and the sale of the entire six ounces of methamphetamine was reasonably foreseeable to him.

Petitioner also argues the prosecutor's closing arguments show he was not personally involved in the transaction. In closing arguments, the prosecutor stated:

> And you know what? If the book much (sic) Agne Vasquez had stopped there, we wouldn't have a case against Agne Vasquez, would we? Because he is just merely present.
>
> But when you combine what he did on 5-14, which is – what did he do when Detective Boston is making the first purchase of methamphetamine in his Hummer? Who walks by the car? Agne Vasquez. That alone, no big deal. But what do you know about Agne Vasquez after that? Certainly a lot more.
>
> * * *
>
> Because after 5-14 there wouldn't be much to write about him. But we know what happens from him on 6-16 from his *Facebook* page. He wrote an e-mail confirming, which you knew, basically Detective Boston had bought from him the day before.

(CR Dkt. ECF No. 533 at 6, 8.)

The prosecutor's statements do not support Petitioner's claim. The prosecutor argued that the entirety of the evidence against Petitioner showed his involvement. The fact that Petitioner acted as a look-out and provided security in subsequent drug transactions showed that Petitioner's interest in the May 14, 2012, transaction, and his

actions on the video during that transaction, were consistent with, and evidence of, his security role for the transaction.

Moreover, Petitioner has failed to show he was prejudiced by his appellate counsel's failure to raise this claim on appeal. The Court sentenced Petitioner to 292 months. Even if the Court had sustained Petitioner's objection to the drug quantity and had omitted the May 14, 2012, transaction from the drug quantity, Petitioner's total offense level of would have been 38 with a guideline range 235 to 293 months. Petitioner's sentence of 292 months was within this lower guideline range. A sentence within the advisory guideline range is presumptively reasonable, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), and Petitioner has failed to rebut this presumption. As the Court stated at sentencing, "even if I am wrong as to any of the objections that have been filed, this is the sentence I would otherwise impose." (ECF No. 503 at 17.) Petitioner has failed to establish he received constitutionally deficient counsel.

**B.     Trial Counsel**

    **1.     Sentencing Arguments**

Petitioner claims trial counsel failed to challenge the drug quantity attributed to him at sentencing.

The record shows trial counsel filed objections to the PSR, (CR Dkt. ECF No. 457), objections to the PSR Addendum, (CR Dkt. ECF No. 471), and a sentencing

memorandum. (CR Dkt. ECF No. 472.) In his objections to the PSR, trial counsel challenged the drug quantity and argued there was no evidence to find that Petitioner was personally involved in May 14, 2012, transaction. At sentencing, trial counsel relied on his written submissions to the Court and made no oral arguments to support his objections to the PSR and PSR Addendum.

Petitioner claims counsel should have used Officer Boston's testimony, and the prosecutor's closing arguments, to argue that Petitioner should not be held accountable for the May 14, 2012, transaction.

Petitioner argues Officer Boston's testimony showed he was not present for the sale of the additional five ounces of methamphetamine, and that Boston testified Petitioner was not providing security for the drug transaction when Petitioner drove away from the scene. The record shows trial counsel's written submissions argued that the video of the May 14, 2012, transaction showed that Petitioner left the scene prior to delivery of the drugs. (CR Dkt. ECF No. 457 at 2.) Boston also testified, however, that Petitioner did not leave until after Boston had received one ounce of methamphetamine and had negotiated to buy the additional five ounces of methamphetamine. (CR Dkt. ECF No. 500 at 114, 199.) Trial counsel was not ineffective for failing to orally argue at sentencing the same claims contained in his written submissions.

Petitioner also argues trial counsel should have argued that the prosecutor's closing statements showed the prosecutor did not consider Petitioner to be personally

involved in the May 14, 2012, transaction. As discussed above, however, the prosecutor's statements discussed the May 14, 2012, transaction and also Petitioner's actions during subsequent transactions to show Petitioner's involvement in the conspiracy. The prosecutor's statements did not show that Petitioner was not involved in the May 14, 2012, transaction. Petitioner has failed to show his counsel was constitutionally ineffective for failing to raise this argument at sentencing.

  **2. Variance**

Petitioner claims trial counsel was ineffective when he failed to move to dismiss Count One of the indictment based on a material variance between the indictment and the evidence produced at trial.

The government argues this claim is procedurally barred because Petitioner failed to raise the claim on direct appeal. It appears the government has read the claim as a free-standing claim challenging the indictment rather than an ineffective assistance of counsel claim. The Court finds Petitioner has raised an ineffective assistance of trial counsel claim. (*See* Pet. CV Dkt. ECF No. 2 at 8; Points and Authorities CV Dkt. ECF No. 3 at 35). The Court therefore declines to find the claim procedurally barred.

Petitioner states the indictment charged him with conspiring with co-defendant Flaco to possess with intent to distribute 500 or more grams of methamphetamine. He argues the trial evidence showed that he conspired with Tony Hernandez, not Flaco, to possess with intent to distribute 500 or more grams of methamphetamine.

A variance arises when the proof at trial depicts a scenario that differs materially from the scenario charged in the indictment but does not modify an essential element of the charged offense. *United States v. Delgado*, 401 F.3d 290, 295 (5th Cir. 2005) (citing *Dunn v. United States*, 442 U.S. 100, 105 (1979)). In this case, the superceding indictment stated that Petitioner and the other named defendants "knowingly and intentionally combined, conspired, confederated, and agreed with each other and other persons known and unknown to the grand jury" to possess with the intent to distribute methamphetamine. (CR Dkt. ECF No. 305 at 1.) Although Tony Hernandez's name was not specifically listed in the superseding indictment, the indictment alleged Petitioner conspired with other persons "known and unknown" to the grand jury. Petitioner's claim of a variance is therefore without merit.

## IV. Conclusion

For the foregoing reasons, Petitioner's petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED with prejudice.

IT IS SO ORDERED.

Signed this 5th day of April, 2017.

REED O'CONNOR
UNITED STATES DISTRICT JUDGE